UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ARMAND ANDREOZZI,<br><br>             Plaintiff,<br><br>   v.<br><br>MANAGER, RESIDENTIAL REENTRY MANAGEMENT SEATTLE,<br><br>             Defendant. | CASE NO. 2:23-cv-01106-JNW-GJL<br><br>ORDER DENYING PLAINTIFF'S RULE 72 OBJECTIONS |

This matter comes before the Court on Petitioner Armand Andreozzi's Objections to Magistrate Judge Grady J. Leupold's Orders dismissing and substituting the respondent in this matter (Dkt. No. 13) and granting the United States' motion for extension of time (Dkt. No. 18).

Andreozzi's objections are timely, so the Court must consider whether to "modify or set aside any part of the order[s] that [are] clearly erroneous or … contrary to law." Fed. R. Civ. P. 72(a). A magistrate judge's factual determinations are reviewed for clear error, which the district judge will overturn only upon a "definite and firm conviction that a mistake has been committed." *Perry v. Schwarzenegger*, 268 F.R.D. 344, 348 (N.D. Cal. 2010). A magistrate judge's legal

conclusions are "reviewed *de novo* to determine whether they are contrary to law." *Id.*

First, Andreozzi objects to Judge Leupold's decision to substitute Trinetta Tompkins, the Acting Director of Pioneer Fellowship House for the United States Army as Respondent. Dkt. No. 15. As Judge Leupold explains, when Andreozzi petitioned the Court, he was "being held at the Pioneer Fellowship House to serve out his federal sentence." Dkt. No. 13 at 2. He explains that Andreozzi is "in the legal custody of the Bureau of Prisons." *Id.* The proper respondent to a habeas petition is the "person who has custody over [the petitioner]." 28 U.S.C. § 2242. But Andreozzi claims that he is not serving a federal sentence and is not a federal prisoner. Dkt. No. 15 at 1. Based on this assertion, he argues that the substitution was improper.

Andreozzi does not provide any evidence, however, to support his claim that he is not serving a federal sentence and that he is not a federal prisoner. Without any contrary indication, the Court does not find that Judge Leupold made an error about the facts or that his determination was contrary to law.

Next, Andreozzi objects to Judge Leupold's decision to grant the United States' second request for an extension of time. Dkt. Nos. 18, 19. He contends that the United States "did not show good cause for the second extension of time." Dkt. No. 19 at 1. The United States provided a sufficient reason for the request. It requested extra time due to the "complicated nature of the claims being made" and the "need to coordinate the collection and review of decades-old material between the U.S. Attorney's Office and the Army, and the voluminous nature of the records

ORDER DENYING PLAINTIFF'S RULE 72 OBJECTIONS - 2

received." Dkt. No. 16. Andreozzi has not established that the order was clearly erroneous or contrary to law. The decision to grant such an extension is a valid exercise of the court's discretion. Moreover, Andreozzi did not suffer any prejudice from the extension.

The Court finds that Andreozzi has failed to demonstrate that Judge Leupold's rulings were clearly erroneous in fact or law. Accordingly, having reviewed the relevant briefing and the rest of the record, the Court finds and ORDERS that Andreozzi's Objections to the Magistrates Orders are DENIED. Dkt. Nos. 15, 19. This matter continues to be referred to Judge Leupold.

Dated this 20th day of February, 2024.

Jamal N. Whitehead
United States District Judge