UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ARMAND ANDREOZZI,<br><br>               Petitioner,<br><br>    v.<br><br>MANAGER, SEATTLE RESIDENTIAL REENTRY MANAGEMENT,<br><br>               Respondent. | CASE NO. 2:23-cv-01106-JNW-GJL<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION IN PART |

## 1. INTRODUCTION

Before the Court is the Report and Recommendation (R&R) of the Honorable Grady J. Leupold, U.S. Magistrate Judge for the Western District of Washington, recommending that the Court dismiss Petitioner Armand Andreozzi's case with prejudice. Dkt. No. 27. Andreozzi objects. For the reasons explained below, the Court adopts, in part, the R&R and DISMISSES Andreozzi's case with prejudice.

## 2. BACKGROUND

In June 1998, Andreozzi was an active duty servicemember at the time of his offense. He was tried and convicted by a general court-martial composed of officers and enlisted members of "'rape, forcible sodomy, assault consummated by battery,

ORDER ADOPTING REPORT AND RECOMMENDATION IN PART - 1

burglary, kidnapping, and solicitation of another to assist in escape from pretrial confinement.'" Dkt. No. 27 at 2–3 (quoting *United States v. Andreozzi*, 60 M.J. 727, 728–29 (A. Ct. Crim. App. 2004)).

In December 1999, Andreozzi appealed his court-martial conviction to the United States Army Court of Criminal Appeals (ACCA). Dkt. No. 20-1 at 3–52. The ACCA concluded that the court-martial had jurisdiction because the trial court substantially complied with Article 25(c)(1) of the Uniform Code of Military Justice (UCMJ). Dkt. No. 27 at 5 (citing *Andreozzi*, 60 M.J. at 732–33).

In December 2004, Andreozzi sought discretionary review from the Court of Appeals for the Armed Forces. Dkt. No. 20-1 at 102. In 2005, the CAAF denied the petition for discretionary review. Dkt. No. 20-1 at 148.

Since his conviction was affirmed in 2005, Andreozzi has filed and litigated five federal habeas petitions challenging the constitutionality of his confinement. Dkt. No. 27 at 6.[1] His prior petitions challenged disciplinary actions taken against him while he was confined at the U.S. Disciplinary Barracks in 2003, a parole hearing with the U.S. Parole Commission based on allegedly deficient prehearing disclosure and impermissible victim testimony, the Parole Commission's use of videoconferencing to conduct parole determination hearings, the Parole Commissions' 2013 decision to rescind his presumptive parole date, and aspects of a 2022 hearing related to his parole eligibility. Dkt. Nos. 20 at 7; 27 at 6.

---

[1] There was a sixth petition filed with the District of Arizona, but the court converted the purported habeas petition to a civil rights action brought under 42 U.S.C. § 1983. *See Andreozzi v. Tracy*, No. CV-16-00562-DGC, 2016 WL 5687337 (D. Ariz. Oct. 3, 2016).

ORDER ADOPTING REPORT AND RECOMMENDATION IN PART - 2

On July 21, 2023, Andreozzi filed a § 2241 petition challenging his conviction.[2] Dkt. No. 1. He argues that the court-martial lacked jurisdiction and violated his substantive rights because there was no oral or written forum election in the trial record; that the ACCA departed from the usual course of judicial proceedings and placed him in "double jeopardy" by ordering a second *DuBay* hearing recording his choice of forum; and that the CAAF failed to give him "full and fair consideration" when it denied his request for discretionary review of the ACCA's decision. Dkt. Nos. 4; 27 at 7. Respondent United States Army argues the Court should not address Andreozzi's arguments on the merits because the abuse of writ doctrine bars the Petition. Dkt. No. 20.

The R&R found that "the Petition is not barred by the abuse of writ doctrine as argued by Respondent. Nevertheless, because Petitioner was convicted by a court-martial with competent jurisdiction and because each ground raised in the Petition was thoroughly reviewed by United States Military Courts, the … Petition [should] be DISMISSED with prejudice." Dkt. No. 27 at 1.

Andreozzi and the United States filed timely objections to the R&R. Dkt. Nos. 30, 31.

---

[2] Because Andreozzi was convicted in a court martial proceeding, his habeas petition challenging his conviction had to be brought under § 2241. *See Dillon v. Wormuth*, No. 1:21-CV-02124 (CJN), 2022 WL 971087, at *3 (D.D.C. Mar. 31, 2022) ("A petitioner convicted in, and sentenced by, a military tribunal cannot utilize § 2255 to launch a collateral attack on his conviction because the tribunal dissolved once the proceedings concluded.").

ORDER ADOPTING REPORT AND RECOMMENDATION IN PART - 3

# 3. ANALYSIS

**3.1   Legal Standard.**

The court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Further, the court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*

General objections do not trigger the Court's de novo review. *See Brandon v. Dep't of Corr.*, No. C21-5417-JCC, 2021 WL 5937685, at *1 (W.D. Wash. Dec. 16, 2021) ("[A] general objection has the same effect as no objection at all, since it does not focus the Court's attention on any specific issue for review."); *see also Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991) ("A general objection to the entirety of the magistrate's report has the same effects as would a failure to object."); *Lockert v. Faulkner*, 843 F.2d 1015, 1019 (7th Cir. 1988) ("A district judge should not have to guess what arguments an objecting party depends on when reviewing a magistrate's report.").

**3.2   Andreozzi's objections to the R&R.**

Andreozzi "vehemently objects to the" Report and Recommendation except for the "non-dismissal for abuse of the writ." Dkt. No. 31 at 2. Andreozzi generally contends that Judge Leupold had a "tone of partiality toward the Government" including in his Orders, ignored filed motions, and permitted an "absolutely ridiculous amount of time [for the Government] to respond." *Id.* at 1. He also argues that Judge Leupold wanted an "'expeditious resolution to this matter.'" *Id.* at 1

(quoting Dkt. No. 26 at 1). Andreozzi also raises concerns about the timing of the R&R compared to when the Court received his reply. *Id.* at 1. Finally, he contends that this proceeding has been a "continuation and extension of. . . the military courts." *Id.* at 2.

These objections are not proper objections. Andreozzi does not address the substance of the R&R, nor does he object to any specific findings of fact or conclusions. The general nature of Andreozzi's filing does not place any specific issues before the Court to review, which is the same as failing to object altogether. Thus, Andreozzi has provided the Court no reason to reject the R&R.

**3.3   United States' objection to the R&R.**

The United States also objected to the R&R. It argues the R&R incorrectly concluded that because Andreozzi's prior habeas petitions challenged only aspects of the administration of his sentence, the abuse of the writ doctrine does not apply to bar his current challenge to the validity of his court-martial conviction. The United States argues the abuse of the writ doctrine does not distinguish between a challenge to the administration of a sentence and a challenge to the validity of the underlying conviction and that it thus applies here. The Court agrees.

"[A] petitioner can abuse the writ by raising a claim in a subsequent petition that he could have raised in his first, regardless of whether the failure to raise it earlier stemmed from a deliberate choice." *McCleskey v. Zant*, 499 U.S. 467, 489 (1991). Although the Ninth Circuit has not ruled on the distinction raised by the R&R, other appellate courts have declined to distinguish between petitions

challenging the underlying conviction and those challenging the administration of the sentence in determining whether a successive petition raised the same claims that were or could have been raised in a prior petition. *See Benchoff v. Colleran*, 404 F.3d 812, 818 (3d Cir. 2005) ("[E]very Court of Appeals to have addressed the question has required a petitioner to raise claims relating to his or her underlying conviction in the same petition as available claims dealing with the administration of the sentence and has found a petitioner's failure to do so to be an abuse of the writ.").

The touchstone for the Court's inquiry is whether Andreozzi had a "full and fair opportunity to raise the claim in the prior [petitions]." *Brown v. Muniz*, 889 F.3d 661, 674 (9th Cir. 2018). "[A] petitioner had no fair opportunity to raise the claim in the prior application if the claim was not yet ripe at the time of the first petition, or where the alleged violation occurred only after the denial of the first petition." *Id.* (internal quotation and citation omitted). That is not the case here, as Andreozzi's claims in this petition about his underlying conviction were already ripe when he filed each of his prior habeas petitions after his conviction was affirmed. Andreozzi relies on the same factual allegations and arguments that he made in his appeals to the ACCA and CAAF. *See* Dkt. No. 20-1. Thus, there is nothing in this petition that "could not have [been] known" before he filed any of his earlier petitions. *Contra Eldridge v. Howard*, 70 F.4th 543, 553 (9th Cir. 2023) ("[T]he Commission had not yet issued its 2019 decision…these facts were unavailable to [petitioner] at the time of his 2016 and 2018 petitions."); *see United States v. Buenrostro*, 638 F.3d 720, 725 (9th Cir. 2011) ("A prisoner whose conviction and

sentence were tested long ago may still file petitions relating to denial of parole, revocation of a suspended sentence, and the like because such claims were not ripe for adjudication at the conclusion of the prisoner's first federal habeas proceeding.").

Andreozzi does not provide any rationale as to why he did not make these arguments previously. Accordingly, the Court concludes that the abuse of writ doctrine bars Andreozzi from bringing this petition.

## 4. CONCLUSION

Based on its review of the R&R and the remaining record, the Court finds and ORDERS:

1. The Court ADOPTS in part the R&R. (Dkt. No. 27).
2. The case is DISMISSED with prejudice.
3. The clerk is directed to send copies of this Order to the parties and to Judge Leupold.

Dated this 20th day of May, 2024.

Jamal N. Whitehead
United States District Judge

ORDER ADOPTING REPORT AND RECOMMENDATION IN PART - 7